UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**3M INNOVATIVE PROPERTIES COMPANY and 3M PRECISION OPTICS, INC.,**

Plaintiffs,

v.

**INFOCUS CORPORATION,**

Defendant.

Civil No. 04-0009 (JNE/JGL)

---

## FINAL JUDGMENT

The Parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

### Findings of Fact

1. 3M Innovative Properties Company ("3MIPC") is incorporated in Delaware and has its office at the 3M Center in St. Paul. Among other activities, it holds title to patents and licenses those patents to 3M Company and its affiliates. 3MIPC owns U.S. Patent No. 5,552,922 ("the '922 patent"), the disputed patent in this case. The '922 patent generally is directed to systems that use total internal reflection ("TIR") prisms in association with a plurality of reflecting elements that are selectively adjustable between at least a first position and a second position to form an image that is projected.

2. 3M Precision Optics, Inc. ("3MPO") is incorporated in and has its principal place of business in Ohio. It is in the business of designing, manufacturing, and selling optics products, including projection lens systems for televisions. 3MPO holds a license to manufacture products under the '922 patent.

3. InFocus Corporation ("InFocus") is incorporated in Oregon and has its principal place of business in Wilsonville, Oregon. InFocus designs, makes or has made, and sells projection displays and related services worldwide.

4. On January 5, 2004, 3M commenced an action against InFocus in the United States District Court, District of Minnesota, Civil Action No. 04-0009 alleging that the manufacture and sale by InFocus of certain products infringed the '922 Patent.

5. InFocus has manufactured, used, imported, offered for sale and/or sold Projection Systems, some of which are identified in Plaintiffs' First Amended Complaint and all of which are identified in the parties' Confidential Settlement Agreement ("InFocus Projection Systems"). InFocus Projection Systems include but are not limited to the "IROC" light engine and the LP 330 "Dragonfly" projector.

6. Each of the InFocus Projection Systems infringes claim one of the '922 patent. Each of the InFocus Projection Systems infringes at least one of claims two and three of the '922 patent. No infringement was willful.

7. Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

8. The Parties seek to terminate this litigation through this Final Judgment.

## **Conclusions of Law**

9. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

11. All of the claims of the '922 patent are valid and enforceable for all purposes permitted by law for all past, present, and future products.

12. 3M is the true and rightful owner of all right, title and interest in the '922 patent.

13. The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Final Judgment bars InFocus from contending in this action or any other proceeding that the products in suit and other products that are only colorably different do not infringe the '922 patent.

14. This Judgment shall finally conclude and dispose of this litigation, and as to all parties, this Judgment shall be entitled to issue preclusion, claim preclusion, res judicata, and collateral estoppel effect in future litigation or Patent Office proceedings

relating to the '922 patent. The parties and this Court explicitly intend such issue preclusion, claim preclusion, res judicata, and collateral estoppel effects to extend to the issues of infringemet (including any claim construction inherent in the finding of infringement), validity, and enforceability regarding any claim of the '922 patent whether raised in a court proceeding, Patent office proceeding, re-examination, reissue or other dispute even with respect to materially different projection displays.

15. Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED that:

A. Compensation for InFocus's past and future use of the inventions of the '922 patent shall be in accordance with the Confidential Settlement Agreement having an effective date of May 31, 2005.

B. InFocus, including its officers and directors, agents, servants, employees, attorneys, assignees, and all persons controlling or in active concert or participation with, through, or under InFocus, are hereby enjoined during the enforceable life of the '922 patent from making, having made, using, importing, selling, offering to sell, or inducing or assisting others to make, have made, use, import, sell, or offer to sell, in or into the United States any InFocus Projection System or any Projection System that is only colorably different from any InFocus Projection System, and from any other act which would constitute infringement under the laws of the United States with respect to any InFocus Projection System or any Projection System that is only colorably different from any InFocus Projection System, without express permission or license from 3M.

C. This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcing the Confidential Settlement Agreement.

D. No appeal shall be taken by any party from this Final Judgment, the right to appeal being expressly waived by all parties.

E. This Final Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

   F. Final judgement shall be entered pursuant hereto, forthwith, and without further notice. No costs shall be awarded to any party.

  The Clerk is directed to enter this Final Judgment forthwith.

IT IS SO ORDERED.

Dated:  June 27, 2005   s/  Joan N. Ericksen_____
          THE HONORABLE JOAN N. ERICKSEN
          UNITED STATES DISTRICT COURT JUDGE